UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCHS ASSOCIATES,
Plaintiff,

v. C.A. NO. 97-368L

ALPHONSO JACKSON[1], et al.,
Defendants.

**JOINT MOTION TO EXTEND STAY**

Come now SCHS Associates ("SCHS"), plaintiff in the above matter, and Alphonso Jackson, Secretary of Department of Housing and Urban Development, and the U. S. Department of Housing and Urban Development (collectively "HUD") and Steven O'Rourke, Executive Director of the Providence Housing Authority, and the Providence Housing Authority (collectively "PHA"), defendants, who ask the court to extend the stay of all proceedings in this matter for an additional 60 days from June 1, 2005 up to and including July 31, 2005, or at the time of the termination of the Mark to Market ("M2M") restructuring process, whichever is earlier. In support thereof, the parties assert the following:

1. On February 6, 2003, upon a motion of all parties, the court stayed proceedings in this matter for a period of 18 months up to and including June 30, 2004 in order to allow the plaintiff and HUD the opportunity to complete the renewal of the Housing Assistance Payment ("HAP") rent contract, with the restructuring of the FHA-insured mortgage, for Barbara Jordan I Apartments ("BJI") under the M2M Program.

[1] Alphonso Jackson, successor to Mel R. Martinez, has been substituted for Andrew Cuomo pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure. Alphonso Jackson was sworn in as Secretary of the United States Department of Housing and Urban Development on April 1, 2004. Mel R. Martinez was sworn in as Secretary of the United States Department of Housing and Urban Development on January 24, 2001.

2. The debt restructuring process for BJI under the M2M program has been ongoing since February 2003. The formal process began on March 26, 2003 when the participating administrative entity ("PAE"), a third party, accepted the assignment from HUD.

3. On June 15, 2004, HUD's Office of Multifamily Housing Assistance Restructuring ("OMHAR") issued a restructuring commitment to the plaintiff. The plaintiff had 30 days either to accept the restructuring commitment or to appeal, setting forth the plaintiff's areas of disagreement with the restructuring commitment. OMHAR granted the plaintiff's request for an additional 15-day extension to review the restructuring commitment.

4. Since the M2M process was ongoing, HUD renewed the HAP contract for BJI for stage 1 that was set to expire on June 30, 2004 on a short-term basis for three (3) months from July 1, 2004 to September 30, 2004. The HAP contract continued to be funded at the 1996 budget level in accordance with the preliminary injunction issued in October 1997.

5. In early July 2004 the parties filed an additional joint motion to extend the stay for an additional three (3) months in order to allow the parties the opportunity to complete the restructuring process. The stay was extended from July 1, 2004 to September 30, 2004.

6. On August 5, 2004, the plaintiff submitted its appeal of the restructuring commitment to OMHAR, appealing portions of the restructuring commitment and primarily objecting to the appraisal and the rent comparability study used by the PAE. OMHAR generally takes 30 days to respond to an appeal of a restructuring

commitment and to issue its decision. OMHAR required additional time to respond to the plaintiff's appeal in order to obtain a new rent comparability study to address the primary issue raised in the plaintiff's appeal.

7. During this period, although the M2M program continues until September 30, 2006, OMHAR ceased to exist on September 30, 2004. The entity in HUD that assumed the responsibilities of OMHAR was the Office of Affordable Housing Preservation ("OAHP"). OAHP began operating on September 30, 2004. The transition from OMHAR to OAHP included physical relocation of office space.

8. Since OMHAR had not completed its review of the plaintiff's initial appeal in late September 2004, consistent with its earlier action, HUD extended the stages to the HAP contract that were set to expire for an additional three (3) months from October 1, 2004 through December 31, 2004. The rents for BJI continued to remain at the rent levels pursuant to the injunctive order issued by this court in October 1997.

9. In early October 2004, since the M2M process was still ongoing, this court granted the parties' joint motion to extend the stay an additional three (3) months from October 1, 2004 to December 31, 2004.

10. On November 22, 2004, OAHP issued its appeal response to the plaintiff, responding in writing to the issues raised in the plaintiff's appeal and incorporating the results of the new rent comparability study obtained by the PAE. On November 29, 2004, plaintiff received an amended restructuring commitment.

11. Plaintiff then sought an administrative review of OAHP's decision of November 22, 2004 with the OAHP Bonds and Appeals Manager, OAHP, on December 8, 2004. This request for administrative review is the last step in the administrative process available to the plaintiff. The plaintiff did not specify a basis for appeal in this response.

12. Upon plaintiff's filing of the administrative appeal HUD extended the expiring stages of the HAP contract for an additional three (3) months from January 1, 2005 to March 31, 2005 at rents consistent with the preliminary injunction previously issued.

13. In early January 2005 the parties filed an additional joint motion to extend the stay for an additional three (3) months in order to allow the parties the opportunity to complete the M2M process. This court extended the stay from January 1, 2005 to March 31, 2005.

14. After initial scheduling difficulties, the OAHP reviewing official conducted the administrative review conference with the plaintiff on February 8, 2005. A major issue raised by the plaintiff, together with the owner of Barbara Jordan Apartments II ("BJII") which also appealed its restructuring commitment, was their contention that the two projects, BJI and BJII, should be able to close debt restructurings independently of each other and not be required to close together. The reviewing official discussed the possible consequences of separating the two projects with plaintiff and its counsel. The reviewing official granted the plaintiff's request to reconsider its position on separating the debt restructurings. On February 15, 2005, counsel for the plaintiff advised the reviewing official that

the plaintiff wished to continue to seek the separate consideration of each debt restructuring.

15. Pending the issuance of the decision on the plaintiff's appeal by the OAHP reviewing official, and consistent with its earlier actions, HUD extended the stages of the HAP contract that were set to expire for an additional two (2) months from April 1, 2005 through May 31, 2005. The rents for BJI continued to remain at the rent levels pursuant to the October 1997 injunctive order issued by this court.

16. In April 2005, the parties filed another joint motion to extend the stay for an additional two (2) months in order to allow the parties the opportunity to complete the M2M process. This court extended the stay from April 1, 2005 to May 31, 2005.

17. On April 11, 2005, the OAHP reviewing official issued his decision on the plaintiff's appeal. The reviewing official ordered that OAHP's decision of November 22, 2004 be modified to require that a new restructuring commitment be issued which reflects the rent comparability study reviewed by the plaintiff as part of the appeal and other changes required by the passage of time.

18. This April 11, 2005 decision constitutes the final determination on the plaintiff's administrative appeal. Pursuant to Section 516(c) of the Multifamily Assisted Housing Reform and Affordability Act of 1997, this final determination is not subject to judicial review.

19. On May 5, 2005, OAHP advised the plaintiff that in order for the PAE to issue the new restructuring commitment pursuant to the April 11, 2005 decision, the PAE

needed certain updated information from the plaintiff. The plaintiff subsequently submitted this updated information to the PAE, and the PAE is in the process of updating the restructuring model. The PAE will shortly forward the new restructuring commitment to OAHP for signature and issuance to the plaintiff.

20. Once OAHP issues the restructuring commitment to the plaintiff, the plaintiff will be given ten (10) days to accept the new restructuring commitment. If the plaintiff accepts the restructuring commitment, the closing will occur within 60 days of the plaintiff's execution of the restructuring commitment. If the plaintiff does not accept and/or close the debt restructuring pursuant to the restructuring commitment, the M2M process terminates.

21. The development, negotiation and review of the M2M process for BJI has been extended beyond the normal 12 to 18 months processing time due to its complexity, the complications created by the existence of bonds securing the FHA-insured mortgage that provided funds for the mortgage, the transition from OMHAR to OAHP, the time needed to fully respond to the plaintiff's reconsideration request, the plaintiff's administrative appeal of the restructuring commitment offered by HUD, and the time needed to issue the final decision, to update the restructuring model and to issue the new restructuring commitment.

22. Since the M2M process is still pending, HUD has extended the expiring stages of the HAP contract for an additional two (2) months from June 1, 2005 to July 31, 2005 at rent levels consistent with the October 1997 preliminary injunctive order.

23. The parties continue to anticipate that upon reaching an agreed restructuring of the FHA-insured mortgage and the HAP contract under the M2M program for BJI this litigation will be terminated through a consent decree.

24. If the M2M process terminates prior to July 31, 2005, the parties agree that this stay will be lifted as of the termination date of the M2M process.

WHEREFORE, for the above reasons, the parties ask that the court extend the stay of all proceedings in this matter while maintaining the preliminary injunction for an additional 60 days from June 1, 2005 up to and including July 31, 2005, or at the time of the termination of the M2M restructuring process, whichever is earlier.

**SCHS ASSOCIATES**
By their Attorneys,

Alden C. Harrington #1208
Boyajian, Harrington & Richardson
182 Waterman St.
Providence, RI 02906
401-273-9600/401-273-9605

**ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, and**
**THE U. S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT**
By their Attorney,
Robert Clark Corrente, U. S. Attorney

Michael P. Iannotti, Asst. U. S. Attorney
Fleet Center
50 Kennedy Plaza/8th Flr.
Providence, RI02903
401-709-5000/401-709-5017

**STEPHEN J. O'ROURKE, EXECUTIVE DIRECTOR OF THE PROVIDENCE HOUSING AUTHORITY, AND THE PROVIDENCE HOUSING AUTHORITY**
By their Attorneys,

Stephen J. Reid with Permission By ACH

Stephen J. Reid, Jr. #2811
Blish & Cavanagh
30 Exchange Terrace
Providence, RI02903
401-831-8900/401-751-7542