UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCHS ASSOCIATES, Plaintiff
v.
ALPHONSO JACKSON, et al., Defendants

C.A. No. 97-368L

FEDERAL DEFENDANTS' MOTION TO LIFT STAY, TO VACATE PRELIMINARY INJUNCTION AND TO DISMISS CASE

The federal defendants, Alphonso Jackson, and the United States Department of Housing and Urban Development ("HUD"), by their attorney, Robert Clark Corrente, United States Attorney for the District of Rhode Island, move to lift the stay of these proceedings, to vacate the preliminary injunction issued on October 24, 1997 and to dismiss this case on grounds of mootness.

A supporting memorandum of law and declaration of Donna Rosen accompany this motion.

Respectfully Submitted,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza - 8th Flr.
Providence, RI 02903
(401) 709-5000/(401) 709-5017

OF COUNSEL
Ann M. D'Arpino
U.S. Dept. of Housing and Urban Development
New England Office of Regional Counsel
10 Causeway Street, Rm. 310
Boston, MA 02222-1092

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2005, I caused a copy of the foregoing Federal Defendants' Motion to Lift Stay, to Vacate Preliminary Injunction, and to Dismiss Case and the memorandum in support of the same to be forwarded, by postage prepaid mail, to:

Alden C. Harrington, Esq.
Boyajian, Harrington & Richardson
182 Waterman St.
Providence, RI 02906

Stephen Reid, Esq.
30 Exchange Terrace
Providence, RI 02903

Mark C. Ouillet, Esq.
100 Broad Street
Providence, RI 02903

UNITED STATES DISTRICT COURT OF THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCHS ASSOCIATES, Plaintiff | ) | |
| v. | ) | C.A. NO. 97-368L |
| ALPHONSO JACKSON, et al., Defendants | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
FEDERAL DEFENDANTS' MOTION TO LIFT STAY,
TO VACATE PRELIMINARY INJUNCTION AND TO DISMISS CASE

Pursuant to D.R.I.L.Civ.R. 12(a)(1), the federal defendants, Alphonso Jackson and the United States Department of Housing and Urban Development ("HUD"), submit this memorandum in support of their motion to lift stay, to vacate the preliminary injunction issued on October 24, 1997 and to dismiss case.

BACKGROUND

1. Procedural Background

In June 1997, SCHS Associates ("SCHS") brought this lawsuit against HUD and Providence Housing Authority, the Section 8 Contract Administrator. SCHS owns a 193-unit scattered-site multifamily housing development, Barbara Jordan I Apartments ("BJI"), located in Providence, Rhode Island. BJI received mortgage financing insured under Section 221(d)(4) of the National Housing Act ("FHA-Insured Loan") and has received rental rehabilitation assistance payments pursuant to a Housing Assistance Payment Contract ("HAP Contract") under HUD's Section 8 Substantial Rehabilitation Rental Assistance Program.

SCHS alleged in its lawsuit that in 1997 HUD improperly reduced the contract rents under the HAP Contract after reverting to the automatic annual adjustment factor

("AAAF") method from the budget-based method. SCHS further alleged that HUD improperly denied SCHS's request for approval to withdraw funds from BJI's Reserve for Replacement Account. HUD contended that the initial change to the budget-based methodology of determining contract rents under the HAP Contract from the AAAF methodology was in violation of HUD's regulations. HUD further contended that such change was made without an authorized waiver of HUD's regulations by the Secretary of Housing and Urban Development, the Deputy Secretary of Housing and Urban Development, or the Assistant Secretary for Housing-Federal Housing Commissioner, as required by section 7(q) of the Department of Housing and Urban Development Act, 42 U.S.C. § 3535(q).

SCHS in this lawsuit sought declaratory relief to require HUD to restore Section 8 rental assistance to BJI under the HAP Contract to the level that existed immediately before May 16, 1997, the date upon which HUD notified SCHS that the Section 8 "Yearly Contract Rent Potential" under the HAP Contract was being reduced. The suit further sought HUD's approval of the release of funds from BJI's Reserve for Replacement account in the amount of $643,173.67. The suit also sought attorney fees and costs pursuant to the Equal Access to Justice Act. HUD sought entry of judgment in its favor.

On October 24, 1997, the court granted SCHS's motion for a preliminary injunction after a two-day hearing. In a bench ruling, HUD was ordered to restore the contract rents under the HAP Contract to the level established in the May 29, 1996 HUD approved-rent schedule for BJI, that is, restoring the rents to the budget-based level in October 1997, retroactive to June 1, 1997, and to maintain monthly HAP Contract

payments at the May 29, 1996 budget-based level until further order of the court. HUD was also ordered by the court in this ruling to permit SCHS to draw down $643,173.67 from BJI's Reserve for Replacement account. The court concluded that SCHS was reasonably likely to prevail on the merits that Deputy Assistant Secretary Helen Dunlap knew of and acquiesced in approving the conversion to a budget-based methodology and that this should be sufficient to estop HUD from invalidating the approval. This injunctive order has remained in effect from October 24, 1997 to the present time.

These proceedings were then stayed from April 1998 through April 2000 due to the pendency of a related criminal investigation. In April 2001, the court denied the parties' cross motions for summary judgment. In its ruling, the court found that the rent reduction bar under § 142(d) of the Housing & Community Development Act of 1987 (42 U.S.C. § 1437(c)(2)(C)) does not prevent HUD from reducing or rescinding unlawful contract rents paid under the HAP Contract. The court further held that the conversion from use of the AAAF method to the budget-based method for the adjustment of contract rent levels under the HAP Contract required a waiver from the Secretary or his designee under 42 U.S.C. § 3535(q). The court found that a genuine issue of material fact existed as to whether a waiver was granted. The court further found that a genuine issue of fact existed as to whether the Secretary or his designee ratified the conversion to the budget-based method under the HAP Contract.

On February 6, 2003, the court, upon the parties' joint motion, stayed all proceedings in this action for a period of 18 months through June 30, 2004 in order to allow SCHS and HUD the opportunity to complete the renewal of the HAP Contract, with a restructuring of the FHA-Insured Loan, under the Mark to Market ("M2M")

Program. The parties anticipated, that upon reaching an agreed restructuring of the FHA-insured mortgage and the HAP contract under the M2M program for BJI, this litigation would be terminated through a consent decree. On July 12, 2004, the court extended the stay of these proceedings for an additional three (3) months to September 30, 2004 in order to allow the HAP Contract renewal and debt restructuring process to move forward to closing and resolution. Subsequently, the court again extended the stay of these proceedings for two (2) additional three-month periods, October 1, 2004 – December 31, 2004 and January 1, 2005 - March 31, 2005, and then two (2) additional two-month periods, April 1, 2005 - May 31, 2005 and June 1, 2005 - July 31, 2005, in order to allow the parties the opportunity to complete the M2M process. As agreed by the parties and ordered by the court, the granting of the last stay was conditioned so that if the M2M process terminated prior to July 31, 2005, the stay would be lifted as of the termination date of the M2M process.

2. <u>M2M Process for BJI</u>

In 1997, after the initiation of this case, Congress enacted the Multifamily Assisted Housing Reform and Affordability Act of 1997 ("MAHRA"), 42 U. S. C. § 1437f (note), authorizing the M2M Program. The implementing regulations are published at 24 C. F. R. Part 401. MAHRA requires, *inter alia*, that rent levels must be reduced to comparable market rents for renewals of expiring HAP contracts. (Declaration of Donna Rosen ("Rosen Decl."), ¶ 3). MAHRA provides HUD with debt restructuring tools to mitigate the impact of the reduction of the rental assistance to achieve goals of the M2M program. (Rosen Decl., ¶ 3.) The M2M program involves the restructuring of rental subsidies for qualifying properties, and when needed, a

restructuring of the FHA-insured or HUD-held mortgage financing, that includes a payment of claim on behalf of the mortgagor from the FHA insurance fund. (Rosen Decl., ¶ 3). A complete review of the subject property's historical and projected operating costs is required in order to restructure the debt to a level that may be supported by the reduced rent levels under the expiring HAP contract. (Rosen Decl., ¶ 3). The M2M process requires the involvement and cooperation of many stakeholders, including the owner. (Rosen Decl., ¶ 3).

The HAP Contract renewal and debt restructuring process under the M2M program for BJI formally began on March 26, 2003 when the participating administrative entity ("PAE"), Foley & Judell, a third party, accepted the assignment from HUD. (Rosen Decl., ¶ 4). The original HAP Contract for BJI under HUD's Section 8 Substantial Rehabilitation Rental Assistance Program was composed of nine (9) stages. (Rosen Decl., ¶ 5). Each stage had a term of 20 years. (Rosen Decl., ¶ 5). The first stage was effective July 1, 1984. (Rosen Decl., ¶ 5). The ninth and last stage of the original HAP Contract expired on June 2, 2005. (Rosen Decl., ¶ 5). During the M2M process for BJI, HUD continued to renew on a short-term basis each expiring stage of the original HAP Contract by the Interim (Full) M2M Renewal Contract (which, together with the HAP Contract, is referenced as the "Extended HAP Contract") pursuant to § 514(c) of MAHRA. (Rosen Decl., ¶¶ 5, 7, 9, 10, 11, 13). The Extended HAP Contract continued to be funded at the 1996 budget level in accordance with the preliminary injunction issued in October 1997. (Rosen Decl., ¶¶ 7, 9, 10, 11, 13).

The PAE recommended a restructuring plan for BJI to HUD's Office of Multifamily Housing Assistance Restructuring ("OMHAR"). (Rosen Decl., ¶ 6).

OMHAR then issued the restructuring commitment to SCHS on June 15, 2004. (Rosen Decl., ¶ 6). On August 5, 2004, SCHS submitted its appeal of the restructuring commitment, primarily objecting to the appraisal and rent comparability study used by the PAE. (Rosen Decl., ¶ 8). On November 22, 2004, the Washington Production Office of the Office of Affordable Housing Preservation ("OAHP"), the entity in HUD that assumed the responsibilities of OMHAR, responded in writing to the issues raised in SCHS's appeal and incorporated the results of the new rent comparability study obtained by the PAE. (Rosen Decl., ¶ 10). On December 9, 2004, SCHS sought an administrative review of the decision made by the Washington Production Office of OAHP, the last step in the administrative process available to the SCHS. (Rosen Decl., ¶ 10).

On February 8, 2005, the OAHP reviewing official conducted the administrative review conference with SCHS. (Rosen Decl., ¶ 11). On April 11, 2005, the OAHP reviewing official issued his decision on the appeal of SCHS. (Rosen Decl., ¶ 12). The reviewing official ordered that OAHP's decision of November 22, 2004 be modified to require that a new restructuring commitment be issued which reflects the rent comparability study reviewed by SCHS as part of the appeal and other changes required by the passage of time. (Rosen Decl., ¶ 12). This April 11, 2005 decision constitutes the final determination on the administrative appeal of SCHS. (Rosen Decl., ¶ 12). Pursuant to § 516(c) of MAHRA, this final determination is not subject to judicial review. (Rosen Decl., ¶ 12).

The PAE, on behalf of OAHP, issued the amended restructuring commitment consistent with the final determination to SCHS on June 10, 2005, and SCHS received this package on June 13, 2005. (Rosen Decl., ¶ 14). The issuance by HUD of a revised or reissued restructuring commitment is a final determination under 24 C.F.R. § 401.652. (Rosen Decl., ¶ 14). Pursuant to OAHP's procedures, SCHS was given ten (10) days to

accept the amended restructuring commitment. (Rosen Decl., ¶ 14). When no response was received, the PAE sent a letter on June 28, 2005 to SCHS clarifying that the amended restructuring commitment is final and there remains no appeal period and giving SCHS an additional five (5) days to accept the amended restructuring commitment. (Rosen Decl., ¶ 14). SCHS received this letter on June 29, 2005. (Rosen Decl., ¶ 14). The PAE has received no response from SCHS to the June 10, 2005 letter and the June 28, 2005 letter. (Rosen Decl., ¶ 14).

Since SCHS has not accepted the amended restructuring commitment, the M2M process terminates, as does any Extended HAP Contract offered by HUD that extended the HAP Contract. (Rosen Decl., ¶ 15). Thereafter, without a debt restructuring, pursuant to § 524 of MAHRA any renewal of the HAP contract offered to SCHS must have rent levels that do not exceed comparable market rents for the market area. (Rosen Decl., ¶ 15). On July 19, 2005, the PAE sent a letter to SCHS advising that since SCHS has failed to execute the amended restructuring commitment, a Section 8 HAP Watchlist contract, which reduces the rent to the actual market level for BJI's market area effective August 1, 2005, is enclosed for execution. (Rosen Decl., ¶ 16). If SCHS fails to execute this Section 8 HAP Watchlist contract, HUD will proceed toward tenant-based assistance. (Rosen Decl., ¶ 16).

## ARGUMENT

Pursuant to the court's order granting the stay of these proceedings from June 1, 2005 to July 31, 2005, the stay of these proceedings is to be lifted either on August 1, 2005 or upon the termination of the M2M process prior to July 31, 2005. The M2M process for BJI terminated upon SCHS's failure to accept the restructuring commitment that was issued on June 10, 2005 by the PAE on behalf of OAHP and that SCHS received on June 13, 2005. The termination of the M2M process is evidenced by the following

events: 1) the failure of SCHS to execute the restructuring commitment and return the executed restructuring commitment to the PAE within both the initial ten-day period from June 13, 2005 and then the additional five-day period from June 29, 2005; 2) the PAE's submission of its letter of July 19, 2005 to SCHS enclosing a Section 8 Watchlist Contract to be effective on August 1, 2005. Thus, the stay of these proceedings should be lifted.

The court's injunctive order of October 24, 1997 entered against the federal defendants ordering the payment of the HAP Contract rents at the May 29, 1996 budget-based level is now moot, as the HAP Contract for BJI has expired. The original HAP Contract for BJI was in effect from July 1, 1984 through June 2, 2005 and extended on a short-term basis in accordance with § 514(c) of MAHRA pending the completion of the M2M process. The original HAP Contract for BJI has expired by its own terms. The Extended HAP Contract for BJI has been funded since October 24, 1997 at the 1996 budget level in accordance with the court's injunctive order. Upon the termination of the M2M process for BJI, the Extended HAP Contract for BJI terminated. These events clearly evidence a change of circumstances since the issuance of the court's October 24, 1997 injunctive order regarding the HAP Contract for BJI that was the subject of this injunctive order.

Generally, a court may modify or dissolve an injunction based upon changed circumstances. *Williams v. Lesiak*, 822 F.2d 1223, 1227 (1st Cir. 1987): *Coalition of Black Leadership v. Cianci*, 570 F.2d 12, 14 (1st Cir. 1978); *Morris v. Travisono*, 499 F.Supp. 149, 156 (D.R.I. 1980). Due to this change of circumstances in this lawsuit, the

court's injunctive order is no longer necessary to prevent irreparable injury to SCHS. Thus, the court's injunctive order of October 24, 1997 should be vacated.

This lawsuit concerned HUD's allegedly improper reduction of the contract rents under the HAP contract for BJI using the AAAF methodology and reverting from the budget-based method. The HAP Contract for BJI has ended. It has expired by its own terms. By its injunctive order of October 24, 1997, the court ordered the restoration of the contract rents under the HAP Contract to the budget-based level in October 1997 retroactive to June 1, 1997 and to maintain the monthly HAP Contract rents at that level until further order of the court. As stated above, the Extended HAP Contract for BJI has been funded since October 24, 1997 at the 1996 budget level in accordance with the court's injunctive order.

With the expiration of the HAP Contract for BJI, there is no longer an actual case or controversy in this lawsuit. This court has observed, as follows:

> It has often been noted that federal courts do not issue advisory opinions. *Maher v. Hyde*, 272 F.3d 83, 86 (1st Cir. 2001). . . To be justiciable, an actual case or controversy must exist between the parties at all stages of litigation, not merely on the date the action was first initiated. *Thomas R.W. v. Massachusetts Dep't of Education*, 130 F.3d 477, 479 (1st Cir. 1997). If the case and controversy requirement is not satisfied, the matter is moot, and must be dismissed. *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001). A matter is deemed moot 'when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome.' *Id.*

*Operation Clean Gov't v. R.I. Ethics Comm.*, 315 F.Supp.2d 187, 193 (D.R.I. 2004). Since there is no longer an actual case or controversy in this lawsuit, this lawsuit is now moot and must be dismissed.

## CONCLUSION

For the forgoing reasons, the court should grant the federal defendants' motion to lift stay, to vacate the preliminary injunction issued on October 24, 1997 and to dismiss this case.

Respectfully Submitted

ROBERT CLARK CORRENTE
United States Attorney

Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U. S. Attorney
Fleet Center
50 Kennedy Plaza - 8th Flr.
Providence, RI 02903
(401) 709-5000/(401) 709-5017

OF COUNSEL

Ann M. D'Arpino
U.S. Dept. of Housing and Urban Development
New England Office of Regional Counsel
10 Causeway Street, Room 310
Boston, MA 02222-1092

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCHS ASSOCIATES, Plaintiff | ) |
| v. | ) C.A. No. 97-368L |
| ALPHONSO JACKSON, et al., Defendants | ) |

DECLARATION OF DONNA ROSEN

I, Donna Rosen, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am the Director for the Washington Preservation Office of the Office of Affordable Housing Preservation ("OAHP")[1] of the United States Department of Housing and Urban Development ("HUD").

2. In this position, I am responsible for overseeing the administration of the M2M program under the Multifamily Assisted Housing Reform and Affordability Act of 1997 ("MAHRA") and the restructuring of M2M eligible properties that have above market rents under their expiring Section 8 Housing Assistance Payment ("HAP") contracts.

3. MAHRA requires that rent levels must be reduced to comparable market rents for renewals of expiring HAP contracts. MAHRA provides HUD with debt restructuring tools to mitigate the impact of the reduction of the rental assistance to achieve goals of the M2M program. The M2M program involves the restructuring of rental subsidies for qualifying properties, and when needed, a restructuring of the FHA-insured or HUD-held mortgage financing that includes a payment of claim on behalf of the mortgagor from the FHA insurance fund. A complete review of the subject property's historical and projected operating costs is required in order to restructure the debt to a level that may be supported by

[1] OAHP is comprised of OAHP Headquarters in Washington, D.C. and Preservation Offices located in Washington, D.C. and Chicago, Illinois. The Preservation Offices oversee the participating administrative entities ("PAEs"), third parties, who perform the Mark to Market ("M2M") processing on the project level.

the reduced rent levels under the expiring HAP contract. The M2M processing requires the involvement and cooperation of many stakeholders, including the owner.

4. The HAP Contract renewal and debt restructuring process under the M2M program for Barbara Jordan I Apartments ("BJI") formally began on March 26, 2003 when the PAE, Foley & Judell, accepted the assignment from HUD.

5. BJI received FHA-insured mortgage financing, as well as payments pursuant to a HAP Contract under HUD's Section 8 Substantial Rehabilitation Rental Assistance Program. The original HAP Contract for BJI is composed of nine (9) stages. Each stage has a term of 20 years. The first stage was effective July 1, 1984. The ninth and last stage expired on June 2, 2005. Throughout the M2M process for BJI, HUD continued to renew on a short-term basis each expiring stage of the original HAP Contract for BJI by the Interim (Full) M2M Renewal Contract (which, together with the HAP Contract, is referenced as the "Extended HAP Contract") pursuant to § 514(c) of MAHRA.

6. The PAE recommended a restructuring plan for BJI to HUD's Office of Multifamily Housing Assistance Restructuring ("OMHAR")[2]. The PAE, on behalf of OMHAR, then issued the restructuring commitment to SCHS Associates ("SCHS"), the owner of BJI, on June 18, 2004. SCHS received this package on June 21, 2004. SCHS had 30 days to either accept the restructuring commitment or appeal it. OMHAR granted the request by SCHS for an additional 15 days to respond.

7. Since the M2M process was ongoing, HUD extended the HAP Contract for BJI for stage 1 that was set to expire on June 30, 2004 for three (3) months from July 1, 2004 to September 30, 2004. HUD then extended the HAP Contract for BJI for stage 2 that was set to expire on August 30, 2004 for one (1) month from September 1, 2004 to September 30, 2004.

---

[2] OMHAR was the predecessor entity within HUD to OAHP. Although the M2M program continues until September 30, 2006, OMHAR ceased to exist on September 30, 2004. OAHP assumed the responsibilities of OMHAR and began operating on September 20, 2004.

The Extended HAP Contract continued to be funded at the 1996 budget level in accordance with the preliminary injunction issued in October 1997.

8. On August 5, 2004, SCHS submitted its appeal of the restructuring commitment for BJI, primarily objecting to the appraisal and rent comparability study used by the PAE, to OMHAR. OMHAR generally responds to an appeal of a restructuring commitment and issues its decision in 30 days. OMHAR required additional time in this case in order to obtain a new rent comparability study to address the primary issue raised in the appeal. The transition from OMHAR to OAHP also was occurring.

9. Since OAHP had not completed its review of the appeal of SCHS in late September 2004, HUD extended the stages to the HAP Contract that were set to expire for periods up to an additional three (3) months from October 1, 2004 through December 31, 2004. The Extended HAP Contract continued to be funded at the 1996 budget level in accordance with the October 1997 injunction.

10. On November 22, 2004, the Washington Preservation Office of OAHP issued its appeal response to SCHS, responding to the issues raised in the appeal and incorporating the results of the new rent comparability study obtained by the PAE. On December 9, 2004, SCHS sought an administrative review of this decision made by the Washington Preservation Office of OAHP, the last step in the administrative process available to SCHS. SCHS did not specify a basis for this appeal. Upon the filing of the administrative appeal by SCHS, HUD extended the expiring stages of the HAP Contract for periods up to an additional three (3) months from January 1, 2005 to March 31, 2005. The Extended HAP Contract continued to be funded at the 1996 budget level pursuant to the October 1997 preliminary injunction.

11. On February 8, 2005, the OAHP reviewing official conducted the administrative

review conference[3] with SCHS. Subsequently, pending the issuance of the appeal decision by the OAHP reviewing official, HUD extended the stages of the HAP Contract for BJI that were set to expire for periods up to an additional two (2) months from April 1, 2005 through June 2, 2005. The Extended HAP Contract continued to be funded at the 1996 budget level under the October 1997 preliminary injunction.

12. On April 11, 2005, the OAHP reviewing official issued his decision on the appeal of SCHS. The reviewing official ordered that OAHP's decision of November 22, 2004 be modified to require that a new restructuring commitment be issued which reflects the rent comparability study reviewed by SCHS as part of the appeal and other changes required by the passage of time. This April 11, 2005 decision constitutes the final determination on the administrative appeal of SCHS. Pursuant to § 516(c) of MAHRA, this final determination is not subject to judicial review.

13. On May 5, 2005, OAHP advised SCHS that the PAE needed updated information from SCHS in order to issue the amended restructuring commitment pursuant to the April 11, 2005 decision. The PAE updated the restructuring model upon receipt of this information. Since the M2M process was still pending, HUD then extended the expiring stages of the HAP Contract for an additional two (2) months from June 3, 2005 to August 2, 2005. The Extended HAP Contract continued to be funded at the 1996 budget level in accordance with the preliminary injunction issued in October 1997.

14. The PAE, on behalf of OAHP, issued the amended restructuring commitment consistent with the final determination to SCHS on June 10, 2005. SCHS received this

---

[3] A major issue raised at this conference by SCHS and the owner of Barbara Jordan II Apartments ("BJII") which also appealed its restructuring commitment was their contention that the two projects, BJI and BJII, should be able to close debt restructurings independently of each other and not be required to close together. The OAHP reviewing official discussed the possible consequences of separating the two projects and granted the request of SCHS for additional time to reconsider its position. On February 15, 2005, counsel for SCHS advised the reviewing official that SCHS wished to pursue the separate consideration of each debt restructuring.

package on June 13, 2005. The issuance by HUD of a revised or reissued restructuring commitment is a final determination under 24 CFR § 401.652. Pursuant to OAHP's procedures, SCHS was given ten (10) days to accept the amended restructuring commitment. When no response was received, the PAE sent a letter on June 28, 2005 to SCHS clarifying that the amended restructuring commitment is final and there remains no appeal period and giving SCHS an additional five (5) days to accept the amended restructuring commitment. SCHS received this letter on June 29, 2005. The PAE has received no response from SCHS to the June 10, 2005 letter and the June 28, 2005 letter.

15. Since SCHS has not accepted the amended restructuring commitment, the M2M process terminates, as does any Extended HAP Contract offered by HUD that extended the HAP Contract. Thereafter, without a debt restructuring, pursuant to § 524 of MAHRA any renewal of the HAP contract offered to SCHS must have rent levels that do not exceed comparable market rents for the market area.

16. On July 19, 2005, the PAE sent a letter to SCHS advising that since SCHS has failed to execute the amended restructuring commitment, a Section 8 HAP Watchlist contract, which reduces the rent to the actual market level for BJI's market area effective August 1, 2005, is enclosed for execution. If SCHS fails to execute this Section 8 HAP Watchlist contract, HUD will proceed toward tenant-based assistance.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 26th day of July, 2005.

DONNA ROSEN

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2005, I caused a copy of the foregoing Federal Defendants' Motion to Lift Stay, to Vacate Preliminary Injunction, and to Dismiss Case and the memorandum in support of the same to be forwarded, by postage prepaid mail, to:

Alden C. Harrington, Esq.
Boyajian, Harrington & Richardson
182 Waterman St.
Providence, RI 02906

Stephen Reid, Esq.
30 Exchange Terrace
Providence, RI 02903

Mark C. Ouillet, Esq.
100 Broad Street
Providence, RI 02903